UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN ANJORIN,

      Plaintiff,

v.

CITY OF DETROIT,
JAMES CRAIG,
BOULEVARD &
TRUMBULL, and
CHARLES LYNEM,

      Defendants.

Case No. 4:17-cv-11659
Magistrate Judge Anthony P. Patti

_____/

**OPINION AND ORDER GRANTING DEFENDANT BOULEVARD & TRUMBULL'S MOTION FOR SUMMARY JUDGMENT (DE 22), DEEMING MOOT THE CITY OF DETROIT DEFENDANTS'** *INITIAL* **MOTION FOR SUMMARY JUDGMENT (DE 23), and GRANTING PLAINTIFF'S MOTION TO AMEND (DE 30)**

**I. OPINION**

    **A. Background**

Plaintiff filed this lawsuit *in pro per* on May 24, 2017, based on the alleged events of April 26, 2017, when Plaintiff claims three vehicles were removed from his dwelling. Defendants are the City of Detroit, Police Officer Charles Lynem, Chief of Police James Craig (hereinafter, collectively, the "City of Detroit Defendants"), and Boulevard & Trumbull ("B & T," allegedly the towing company). Defendants have filed answers and affirmative defenses.

1

This case is before me by the consent of the parties. (DEs 20 & 21.) As set forth in the Court's initial scheduling order, the deadlines for the exchange of initial disclosures, amendments to pleadings/joinder of parties without leave of court, the completion of discovery, and dispositive motions have passed. (DE 19 at 3.) Thus, the Court now proceeds to consider the motions currently pending in this case.

### B.  Defendant Boulevard & Trumbull's Dispositive Motion

#### 1.  B & T's motion is unopposed

Among the motions currently pending before the Court is Defendant Boulevard & Trumbull's motion for summary judgment pursuant to Fed. R. Civ. P. 56 and Fed. R. Civ. P. 12(b)(1). Among other things, Defendant B&T claims that, "[p]ursuant to the records produced by The City of Detroit, the vehicles in question were towed by Javion & Sam's Towing, and not Boulevard & Trumbull Towing[,]" and "Boulevard & Trumbull Towing was not the responsible party for the towing of the vehicles in question." (DE 22 ¶ 2, 4.) Defendant B&T requests that the Court: (1) grant its motion for summary judgment; (2) dismiss all claims against it with prejudice; (3) enter judgment in its favor; and, (4) grant any other appropriate relief. (DE 22 at 3-4.)

Plaintiff's response was due on or before March 2, 2018, and a hearing was noticed for May 23, 2018. (DEs 24, 29.) Notwithstanding Defendant B&T's

representation that its January 30, 2017 telephonic concurrence request was denied (DE 22 ¶ 8), Plaintiff has failed to file a response to this motion. Thus, it is unopposed. E.D. Mich. LR 7.1(c)(1) ("A respondent opposing a motion must file a response, including a brief and supporting documents then available.").

Plaintiff's motion for extension – dated February 18, 2018 and filed February 20, 2018 – does not clearly specify to which pending motion for summary judgment (DEs 22, 23, and/or 25) it relates. (*See* DE 27.) Although it mentions the "identity of the Service Towing company . . . [,]" it also mentions attempts to contact the "Defendant Municipal City Attorney . . . ." (*See* DE 27 ¶¶ 3, 5, 6.) The Court's February 23, 2018 notice of hearing extended the response deadline to April 2, 2018 and set the motion hearing for May 23, 2018. (DE 28.) Unfortunately, the copy of that notice mailed to Plaintiff at 2440 West Euclid Street, Detroit, MI 48206 was returned to the Court as undeliverable. (DE 32.) Nonetheless, the time within which Plaintiff should have filed a response to Defendant B&T's January 30, 2018 motion (DE 22) has long passed, and the arguments within the response Plaintiff filed on April 2, 2018 focus on the government defendants. (*See* DE 33 at 5-27). Also, the response's caption refers to Defendant "Javion & Sam Towing." (DE 33 at 1.) Thus, the response's references to the trucker or the "4th Defendant" do not seem to refer to Defendant B&T. (*See* DE 33 at 4, 8, 14, 25.)

## 2. B & T's motion is appropriately granted on the merits

Nonetheless, because "a district court abuses its discretion when it grants summary judgment solely because the non-moving party has failed to respond to the motion within the applicable time limit[,]" *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005), the Court will consider whether Defendant B&T has demonstrated "the absence of a genuine issue as to a material fact." *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991) (citations omitted). As Rule 56 expressly provides: "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Moreover, the Court "should state on the record the reasons for granting or denying the motion." *Id*.

The identification of the towing company has been questioned from the outset of this case. Although Plaintiff's complaint lists "Boulevard & Trumbull" as a defendant in the caption of this case, *see* Fed. R. Civ. P. 10(a) ("Caption; Names of Parties."), there are no less than three places within the complaint where the towing company seems to be referred to as the "third Defendant." (DE 1 ¶¶ 12, 13, 18.) By comparison, Defendant B&T argues that it "was not responsible for the services in question." (DE 22 at 14-16.) In addition, it supports its motion with the affidavit of an employee, Matt Bancroft, who attests that B&T "was not

responsible for the towing services performed at 2440 W. Euclid[,]" and that "Javion & Sam's Towing was responsible for the towing services in question at 2440 W. Euclid on April 26, 2017." (DE 22-2 ¶¶ 4-5.) Defendant B&T attaches copies of Detroit Police Department records, including an activity log, which show that a 1999 Toyota Camry, a 2004 Honda Accord, and a 2005 Ford Focus were towed by Javion & Sam's and impounded on April 26, 2017 at 2440 W. Euclid. (*See* DE 22-3 at 2, 4, 6, 9; *see also* DE 1 ¶ 13.)

Defendant B&T having demonstrated that there is no genuine issue of material fact as to its lack of involvement in this events underlying Plaintiff's complaint, and Plaintiff having failed to show or convince the Court otherwise, Defendant B&T is entitled to summary judgment. Having reached this conclusion, the Court need not address Defendant B&T's remaining arguments as to whether Defendant B&T is a state actor (DE 22 at 16-19) or whether this Court has subject matter jurisdiction over Plaintiff's claims against it. (DE 22 at 19-22.)

### C. The City of Detroit Defendants' *Initial* Dispositive Motion

On January 30, 2018, Defendants City of Detroit, Chief James Craig, and Officer Charles Lynem filed a motion for summary judgment. (DE 23.) On January 31, 2018, I entered an order setting the response deadline for March 2, 2018. (DE 24.) However, that same day, the City of Detroit Defendants filed an amended motion for summary judgment. (DE 25.) The Court interprets the

amended motion for summary judgment as superseding the original motion for summary judgment, and, thus, will deny the initial motion as moot.

### D. Plaintiff's Motion to Amend and Proposed Amended Complaint

On March 13, 2018, Plaintiff filed a motion to amend his complaint. (DE 30.) In sum, he seeks to substitute a "newly identified" and "necessary" Defendant, in other words, "the right service company . . . ." (DE 30 ¶¶ C, E, F.) At the same time, Plaintiff separately filed what the Court construes as a proposed "first amended complaint." (DE 31.)

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Upon consideration, the Court **GRANTS** Plaintiff's request to amend his original complaint. In comparison with his initial pleading, Plaintiff proposed "first amended complaint," among other things: (1) substitutes "Javion & Sam Towing Inc" for "Boulevard & Trumbull" in the case caption; (2) adds a paragraph describing the "4th Defendant" as "Javion and Sam Inc[;]" (3) contains similar factual allegations; (4) contains five similarly titled causes of action; and (5) contains similar damages requests. (*Compare* DE 1 at 1-7, *with* DE 31 at 1-8.) Its content is consistent with his motion request to amend.

Also, notwithstanding the differences in Plaintiff's "wherefore" clauses (DE 1 at 7, DE 31 at 8), and any other minor differences between these two pleadings, it is clear to the Court that Plaintiff has submitted a proposed amended complaint

6

which reproduces "the entire pleading as amended[.]" E.D. Mich. LR 15.1. This is important, as "an amended complaint supercedes all prior complaints." *Drake v. City of Detroit, Michigan*, 266 F. App'x 444, 448 (6th Cir. 2008). *See also Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("Normally, an amended complaint supersedes the original complaint."). Plaintiff's first amended complaint, filed on March 13, 2018 (DE 31), will now be the operative pleading in this case.

## II.  ORDER

Defendant Boulevard & Towing's January 30, 2018 motion for summary judgment (DE 22) is **GRANTED**, and Plaintiff's claims against this Defendant are **DISMISSED WITH PREJUDICE**. The City of Detroit Defendant's January 30, 2018 *initial* motion for summary judgment (DE 23) is **DENIED AS MOOT**, but oral argument regarding their January 31, 2018 amended motion for summary judgment (DE 25) will be entertained by this Court at the hearing noticed for May 23, 2018 (DE 28). Finally, Plaintiff's March 13, 2018 motion to amend complaint (DE 30) is **GRANTED**, and the proposed first amended complaint (DE 31) is now the operative pleading in this case. The pending motion for summary judgment filed by Defendants Craig, Lynem and the City of Detroit (DE 25) will be decided with reference to the amended complaint, without the need for any additional

briefing, and the hearing scheduled for May 23, 2018 at 10 a.m. will go forward as to that motion alone.

Dated: May 21, 2018    s/Anthony P. Patti  
　　　　　　　　　　　　　Anthony P. Patti  
　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on May 21, 2018, electronically and/or by U.S. Mail.

　　　　　　　　　　　　　s/Michael Williams  
　　　　　　　　　　　　　Case Manager for the  
　　　　　　　　　　　　　Honorable Anthony P. Patti